IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GLENN RIPPLEY,                    )
                                  )
                 Plaintiff,       )
                                  )
vs.                               )        Case No. 10-cv-0988-MJR-PMF
                                  )
TEAMSTERS LOCAL 525               )
and TEAMSTERS LOCAL 50,           )
                                  )
                 Defendants.      )

MEMORANDUM AND ORDER

REAGAN, District Judge:

On December 7, 2010, Glenn Rippley filed suit in this Court alleging, *inter alia*, that he was denied employment, retaliated against, harassed, and threatened by Defendants – two Teamsters local unions.  Rippley also claimed that Defendants were "concealing information about work, employment [and] union business" from him, "conspiring with other union members to freeze out any communication" with him, and failing to abide by Articles of Agreement and rules governing referral for jobs (Doc. 1, p. 3).

Rippley filed this suit using a pro se "Employment Discrimination Complaint" form (available from the Clerk's Office of this Court) which invokes subject matter jurisdiction under the federal question statute, 28 U.S.C. § 1331.  He checked the boxes indicating that his lawsuit is based on allegations of race discrimination and retaliation under Title VII of the Civil Rights Act of 1967, as amended, 42 U.S.C. § 2000e-5, "and/or 42 U.S.C. § 1981" (Doc. 1, p. 2).[1]

---

[1]     He also, perhaps inadvertently, checked the box for "religion" just above the blank line on the form where he inserted details

Prior to commencing this action, Rippley filed a charge with the United States Equal Employment Opportunity Commission (EEOC), which alleged race discrimination and retaliation by Defendants (Doc. 1-1, p. 5).  Attached to his complaint is the Right to Sue Notice issued by the St. Louis District Office of the EEOC which indicates that as of September 14, 2010, the EEOC terminated its processing of the charge, having "determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge" (Doc. 1-1, p. 2).  Rippley filed suit in this District Court within 90 days of receiving the EEOC notice of right to sue.

With his December 7, 2010 pro se employment discrimination/retaliation complaint, Rippley filed a motion for leave to proceed in forma pauperis.   By granting a motion for pauper status, a federal district court authorizes a lawsuit to proceed without *prepayment* of fees.  **See 28 U.S.C. 1915(a)(1)("any court of the United States may authorize the commencement ... of any suit ... without prepayment of fees....").**

Before the court can grant pauper status or appoint counsel, however, it must carefully screen the complaint filed by the pro se plaintiff.  Indeed, § 1915(e)(2) requires federal courts to dismiss the case if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which relief can be granted, or (d) the action seeks monetary relief from a defendant who is immune from such relief.

In the case at bar, Rippley's allegations as to financial status appear truthful. Rippley is unemployed, has only $164 (total of all his bank accounts), and a 1993 car worth

---

regarding retaliation.  The best the Court can glean, Rippley's
Title VII claims are based on race and retaliation grounds (not
religious discrimination).  Later pleadings will clarify this issue.

$250. He does receive (or was receiving) $1204.00 per month in unemployment benefits, but his regular monthly bills (rent, utilities, transportation costs and payments to dependents, etc.) total over $1600, leaving him unable to pay the filing fee herein. His detailed financial information/motion and affidavit were signed under penalty of perjury.

Although not the picture of clarity (the allegations against Defendants range from discrimination and retaliation to "degredation of character" and "conspiracy"), the complaint does not merit dismissal at this stage for failure to state a claim upon which relief can be granted. Dismissal on that ground is warranted only if the complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* **550 U.S. 544, 570 (2007);** *EEOC v. Concentra Health Services, Inc.,* **496 F.3d 773, 776 (7ᵗʰ Cir. 2007).** The Seventh Circuit has also explained that a complaint must give the defendant(s) fair notice of what the suit is about and the ground on which it rests. *Swierkiewicz v. Sorema, N.A.,* **534 U.S. 506, 512 (2002);** *Mosely v. Board of Education of City of Chicago,* **434 F.3d 527, 533 (7ᵗʰ Cir. 2006).**

In evaluating the sufficiency of the complaint, the District Court accepts as true all well-pled factual allegations and draws in plaintiff's favor all reasonable inferences from those allegations. *See Village of DePue, Illinois v. Exxon Mobil Corp.,* **537 F.3d 775, 782 (7ᵗʰ Cir. 2008);** *St. John's United Church of Christ v. City of Chicago,* **502 F.3d 616, 625 (7ᵗʰ Cir. 2007),** *cert denied,* **553 U.S. 1032 (2008);** *Pisciotta v. Old National Bancorp,* **499 F.3d 629 (7ᵗʰ Cir. 2007).** A complaint is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* **– U.S. –, 129 S. Ct.**

**1937, 1949 (2009).**

Rippley proceeds under Title VII against two labor organizations (Teamsters Union Local 525 of Alton, Illinois and Teamsters Union Local 50 of Belleville, Illinois). 42 U.S.C. § 2000e-2(c) declares it an "unlawful employment practice" for a labor organization:

> **(1)** to exclude or ... otherwise to discriminate against, any individual because of his race, color, religion, sex, or national origin; [or]
>
> **(2)** to ... fail or refuse to refer for employment any individual, in any way which would deprive or tend to deprive any individual of employment opportunities, or would limit such employment opportunities or otherwise adversely affect his status as an employee or as an applicant for employment, because of such individual's race, color, religion,.sex, or national origin...

Generously construed, Rippley alleges that Defendants acted to limit or deny him employment opportunities based on his race or in retaliation for his prior filing of charges with the EEOC and the National Labor Relations Board. Accepting as true the well-pled factual allegations of Rippley's complaint and drawing in his favor the reasonable inferences therefrom, the Court concludes the complaint states a claim to relief that is plausible on its face and furnishes Defendants fair notice of what Rippley's claim is. ***See Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010); *Bissessur v. Indiana University Bd. of Trustees*, 581 F.3d 599, 603 (7th Cir. 2009).**

The action is not frivolous or malicious. The named defendants are not immune from relief. At this point the Court cannot conclude that the complaint fails to state a claim upon which relief could be granted. And although this presents a close call, the truthful allegations of poverty establish Rippley's entitlement to pauper status herein.

Accordingly, the Court **GRANTS** Rippley's motion for pauper status (Doc. 2).

Because Rippley proceeds without the benefit of counsel, the Court **DIRECTS** the Clerk's

Office to prepare and issue summons for Defendants and further **DIRECTS** the United

States Marshals Service to serve Defendants pursuant to Federal Rule of Civil Procedure

4(c)(3). If a USM-285 form is needed for service, the Clerk's Office also shall prepare the

USM-285.   The Court **GRANTS** Rippley's motion for service at  government expense

(Doc.  3).

IT IS SO ORDERED.

DATED January 28, 2010.

s/ Michael J. Reagan
Michael J. Reagan
United States District Judge