IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| GLENN RIPPLEY, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) Case No. 10-cv-0988-MJR-PMF |
| TEAMSTERS LOCAL 525, and TEAMSTERS LOCAL 50, | ) |
| Defendants. | ) |

MEMORANDUM AND ORDER

REAGAN, District Judge:

On December 7, 2010, Glenn Rippley filed suit in this Court alleging that he was denied employment, retaliated against, harassed, and threatened by two Teamsters local unions. Rippley's pro se complaint indicates that his claims are founded on two federal statutes -- Title VII of the Civil Rights Act of 1967, as amended (42 U.S.C. § 2000e-5, et seq.) "and/or 42 U.S.C. § 1981." Rippley named the two Teamsters unions as Defendants – Local 50 and Local 525.

On March 8, 2011, Local 50 filed two separate dispositive motions. Document 9 seeks judgment on the pleadings as to Plaintiff's *discrimination* claims under Title VII and Section 1981. Document 10 seeks summary judgment on Plaintiff's *retaliation* claim under Title VII. The following day the Court entered an Order setting a briefing schedule on the two motions. The Court directed Plaintiff Rippley to file his response (whether a single memorandum opposing both motions or two separate

memoranda opposing the two motions) "no later than April 11, 2011" (Doc. 11). The Order permitted Local 50 to file a short reply brief on or before April 28, 2011.

Rippley timely filed two memoranda opposing Local 50's motions on March 21, 2011 (Docs. 14 & 15).[1] Local 50 timely replied on April 28, 2011 (Docs. 18 and 19). So the motions for summary judgment and judgment on the pleadings were fully briefed as of April 28th. But on May 3, 2011, Plaintiff Rippley filed an additional memorandum. The May 3rd memorandum (like the March 21st briefs filed by Rippley) opposes Local 50's motions directed to the race discrimination and retaliation claims.

Local 50 now moves to strike Rippley's May 3rd memorandum, because that brief was not permitted by the Court's May 9th Order (i.e., it was filed beyond the April 11th response deadline and constitutes an additional/third brief not authorized by the Court).

The Court agrees. The undersigned Judge afforded the parties ample briefing opportunities with a generous schedule. Plaintiff filed two briefs opposing Local 50's motions on March 21st, and Local 50 replied to those (with the Court's express permission) on April 28th. Local Rule 7.1(c) of this Court plainly forbids the filing of *sur*-reply briefs, which is what Plaintiff's May 3rd brief is – a reply to a reply: "Under no circumstances will sur-reply briefs be accepted."

Accordingly, the Court **GRANTS** Local 50's motion (Doc. 21) and **STRIKES** Plaintiff's May 3, 2011 sur-reply brief (Doc. 20).

---

[1] Rippley also filed a "Motion to Dismiss Counterclaim of Defendant's Answer" (Doc. 16) on March 22, 2011. Local 525 responded on April 25, 2011 (Doc. 17), but that motion is not directly related to the issues discussed in this Order.

IT IS SO ORDERED.

DATED May 6, 2011.

              s/ Michael J. Reagan
              Michael J. Reagan
              United States District Judge